IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00573-BNB

TROY ALLEN SHORT,

    Applicant,

v.

[NO NAMED RESPONDENT],

    Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 16 2010

GREGORY C. LANGHAM
CLERK

---

## ORDER OF DISMISSAL

---

Applicant, Troy Allen Short, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Fort Lyon Correctional Facility. He attempted to initiate this action by submitting to the Court *pro se* an "Affidavit of Indigency" and a letter to the Court stating his intent to initiate a habeas corpus action to challenge the Colorado Supreme Court's denial of his petition for a writ of certiorari.

In an order filed on March 11, 2010, Magistrate Judge Boyd N. Boland ordered Mr. Short to cure certain enumerated deficiencies in this case within thirty days. Specifically, Mr. Short was directed to submit a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action on the Court-approved form and to submit a certificate of the warden or other appropriate jail officer as to the amount of money on deposit in his inmate trust fund account. He was informed that the § 1915 motion and affidavit only was necessary if the $5.00 filing fee was not paid in advance.

Rule 3 of the Rules Governing Section 2254 Cases in the United States District Courts requires a "certificate of the warden or other appropriate officer of the institution in which the petitioner is confined as to the amount of money or securities on deposit to the petitioner's credit in any account in the institution." The Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action also notes this requirement.

The March 11 order also directed Mr. Short to submit an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 on the Court-approved form. The March 11 order warned Mr. Short that if he failed to cure the designated deficiencies within the time allowed, the action would be dismissed without further notice. Mr. Short has failed within the time allowed to cure the designated deficiencies or otherwise to communicate with the Court in any way. Accordingly, it is

ORDERED that the action dismissed without prejudice for failure to cure and for failure to prosecute.

DATED at Denver, Colorado, this  16th   day of   April  , 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00573-BNB

Troy A. Short
Prisoner No. 134487
Fort Lyon Correctional Facility
P.O. Box 1000
Fort Lyon, Co 81038

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 4/16/10

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk